1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Petititoner,

v.

CHRISTINA FRIEDLANDER,

               Respondent,

**Case No.  C05-5714 (RBL)(JKA)**

**REPORT**
**and**
**RECOMMENDATION**

Noted for February 8, 2006

THIS MATTER comes before the court on the Petition of the United States of America for an order to enforce an Internal Revenue Service (IRS) administrative summons served on respondent.  Pursuant to 18 U.S.C.§ 636A(b)(1) the Honorable Ronald B. Leighton referred the matter to the undersigned United States Magistrate Judge to (a) review all pleadings; (b)determine whether a hearing is required and, if so, to schedule and preside over such a hearing; and thereafter (c) to submit the appropriate proposal for consideration to Judge Leighton.

## REPORT

This proceeding was initiated at the request of the Chief Counsel of the IRS by way of delegation from the Secretary of the Treasury, and at the direction of the Attorney General of the United States.  Petitioner

asserts jurisdiction over this matter under 26 U.S.C. §§ 7420(b) and 7604(a) and 28 §§ U.S.C. 1340 and 1345. The petition alleges that (a) the IRS is conducting an investigation to determine the correct income tax liability of respondent for her 2002 tax year; (b) IRS agent, Paul Shipley, issued an administrative summons to the respondent regarding her 2002 tax year which directed the respondent to appear July 19, 2005 to give testimony and to produce for examination certain books, papers, records and other data described in the summons; (c) respondent was personally served with the summons; (d) respondent failed to appear in person and/or produce the documents requested and has continued to fail to respond ; (e) the books, papers, and other records sought by way of the administrative summons are not within the possession of the IRS; (f) all administrative steps required by the Internal Revenue Service Code for the issuance of an IRS summons have been followed; and (g) the information sought is relevant to determine the correct federal income tax liability of respondent for her 2002 taxable year.

Following a review of the petition,  the undersigned, on December 9, 2006, directed the respondent to show cause as to why she should not be compelled to obey the Internal Revenue Service summons served upon her. The hearing date was scheduled for January 20, 2006 at 3:00 p.m. (Doc# 9).


In response to the order to show cause, respondent filed the following documents:

1. Refusal for Cause and Administrative Notice signed January 5, 2006 and filed January 6, 2006.

2. Christa Friedlander's Verified Affidavit to Refusal for Cause and Administrative Notice signed January 5, 2006 and  filed January 6, 2006.

3. 2nd Refusal for Cause and Administrative Notice signed January 12, 2006; filed January 12, 2006; and

4. Christa Friedlander's Verified Affidavit to 2nd Refusal for Cause and Administrative Notice signed January 12, 2006; filed January 12, 2006.

The aforementioned documents speak for themselves.  The essence of the response is a challenge to this court's jurisdiction.

As scheduled,  the hearing on the court's order to show cause was held January 20, 2006. Petitioner appeared through counsel, Jennifer Auchterlonie.  Respondent did not appear.  The court considered the oral  remarks of counsel for the petitioner as well as the entirety of the record.

In order for an Internal Revenue Service Summons to be enforceable, it must meet the requirements set forth under *United States v. Powell*, 379 U.S. 48 (1964), wherein the court determined the IRS need not meet any standard of probable cause to obtain enforcement of the summons, but need only show that (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the Code have been followed – in particular, that the Secretary or his delegate, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.   Petitioner has met this burden.  See Petition  and Declaration of Paul R. Shipley (Doc #1 ).

Once the government meets its burden, the taxpayer must show an improper purpose or lack of good faith,  by setting forth evidence to support her allegations,  *Fortney v. United States*, 59 F.3d 117 (9th Cir. 1995), *Liberty Financial Services v. United States*, 778 F2d 1390 (9th Cir. 1985).   She has not done so.  Petitioner has in fact stated  "The Aggrieved Party [petitioner] will not enter any 'defense to present or opposition to petition' prior to the filing of any response by the alleged Petitioner to the Aggrieved Party's "Refusal for Cause" filed on or about January 1006 [sic]."  (Doc#17-2, page 4, lines 24-26). Petitioner's reply was filed January 13, 2006.  Respondent's opportunity to show an improper purpose or lack of good faith was at or before the hearing held by the court on January 20, 2006.  She did not appear or otherwise respond.

## **RECOMMENDATION**

Based on the foregoing report, the undersigned recommends as follows:

1. The court has jurisdiction over the defendant and the subject matter of this proceeding.

2. That the respondent be ordered to fully obey the administrative summons served on respondent

July 7, 2005, by attending, testifying, and producing all documentation required by the terms of the summons, before Revenue Agent Paul Shipley, or any other proper officer or employee of the IRS, at such time and place as may be set by Revenue Agent Shipley or any other proper officer or employee of the IRS.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed.R.Civ.P.6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), **the clerk is directed to set the matter for consideration on February 8, 2006.**

January 24, 2006.

*/s/ J. Kelley Arnold*_____
U.S. Magistrate Judge, J. Kelley Arnold

ORDER
Page - 4